ORIGINAL

Of Counsel:
DAVIS LEVIN LIVINGSTON

MARK S. DAVIS                  1442
MICHAEL K. LIVINGSTON   4161
400 Davis Levin Livingston Place
851 Fort Street
Honolulu, Hawai`i 96813
Telephone: (808) 524-7500
Fax: (808) 356-0418
Email: mdavis@davislevin.com

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 03 2008

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| TARSHIA WILLIAMS, individually and as the Personal Representative of the Estate of TALIA WILLIAMS, a Deceased Minor,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | CIVIL NO. CV08-00437 ACK BMK<br>(Federal Tort Claims Act)<br><br>**COMPLAINT; SUMMONS TO ANSWER CIVIL COMPLAINT**<br><br>*Filed unredacted: Plaintiff waives protection under FRCP 5.2(a)* |

## COMPLAINT

COMES NOW Plaintiff above named, by and through her attorneys, DAVIS LEVIN LIVINGSTON, and for cause of action against the United States of America, alleges and avers as follows:

I.  **INTRODUCTION**

1. This Complaint is filed pursuant to the provisions of the Federal Tort Claims Act against the United States of America for injuries and damages sustained by Talia Williams resulting in her death on July 16, 2005.

2. Plaintiff Tarshia Williams' daughter, Talia, was born on March 20, 2000, in South Carolina, and was only five-years-old when she died on July 16, 2005.

3. Talia's father, Naeem Williams, was a Specialist in the U.S. Army residing in Hawai`i with Talia's stepmother, Delilah Williams, a civilian. Talia's stepmother worked as a program coordinator in the administration office of the Directorate of Community Activities Child and Youth Registration Office.

4. Naeem Williams was given legal custody of Talia on December 1, 2004 by the South Carolina Family Court. He moved Talia to Oahu, Hawai`i on December 14, 2004, and she lived in military housing until her death seven months later on July 16, 2005. During those seven months, Talia was severely abused and tortured by both her father and stepmother using their hands and fists or with a belt or other harmful objects.

5. Active duty military and federal government employees acting within the scope of their employment were aware of the abuse of Talia or were

the recipients of reports of abuse and failed to report or notify the appropriate state agencies or to assess, evaluate and/or investigate the situation and ultimately failed to protect Talia from the assault and torture that caused her death.

6. Finally, on July 16, 2005, after seven months of physical abuse by her father and stepmother, Talia was fatally beaten by her father's fists and she died in military housing on Wheeler Army Airfield. Talia died from assaultive injuries to her head and brain. Her autopsy report determined that she died from "inflicted craniocerebral trauma due to, or as a consequence of battered child syndrome." Naeem Williams has been incarcerated and charged with first degree murder. Delilah Williams has plead guilty to first degree murder.

7. At all relevant times, Defendant United States of America had the right, power and obligation, under the applicable law and military regulations, to respond to and report allegations and observations of child abuse on military installations within the State of Hawai`i in order to avoid the type of injuries suffered by the Plaintiff. The Defendant violated an October 7, 2003 Memorandum of Agreement between Military Services in Hawai`i and State of Hawai`i, Department of Human Services, Child Welfare Services Branch as well as Hawai`i Revised Statutes Chapter 350, Child Abuse § 350-1 *et. seq.;* Chapter

587, Child Protective Act § 587-1 *et. seq.;* and Army Regulation 608-18, The Army Family Advocacy Program, when they failed to report, notify, investigate, assess, treat and protect Talia Williams from the abuse inflicted upon her from December 2004 until her death on July 16, 2005.  Defendant United States of America negligently breached a duty of due care and violated the obligations imposed by law and military regulations by failing to respond appropriately to the charges of child abuse and by failing to report the allegations to the appropriate state agencies and failing to pursue appropriate action that would have prevented Talia's death.  Talia lost her life, and her mother, Tarshia Williams, has suffered severe and devastating emotional distress and parental loss of consortium over Talia's death occasioned and proximately caused by the wrongful and illegal acts and omissions of the Defendant.

## II.    JURISDICTION AND VENUE

8.    Defendant UNITED STATES OF AMERICA is sued under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et. seq.*, based on the negligent acts and omissions of its employees, as set forth in this Complaint.

9.    This Court has subject matter jurisdiction over the claims set forth in this Complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.* ("FTCA").

10. Venue is appropriate in the District Court for the District of Hawai`i pursuant to 28 U.S.C. § 1402. The acts and omissions giving rise to this cause of action occurred in the State of Hawai`i, County of Honolulu.

### III. PARTIES

11. Plaintiff TARSHIA WILLIAMS is, and at all relevant times has been, a resident of the State of South Carolina, and the natural mother of Talia Williams, deceased. Plaintiff TARSHIA WILLIAMS is the Personal Representative of the Estate of Talia Williams in this matter. Plaintiff TARSHIA WILLIAMS files this action in her individual capacity and her capacity as Personal Representative of the estate of her daughter.

12. Defendant United States of America is and should be a named Defendant pursuant to and under the provisions of the Federal Tort Claims Act, 28 USC §1346(b), 2671, *et seq.*

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Pursuant to the provisions of the Federal Tort Claims Act, 28 USC §2671, *et seq.*, Plaintiff filed an FTCA Claim for Damage, Injury or Death to the Department of the Army on May 22, 2007, within the statutory period as required by law.

14. Since acknowledgement of receipt of Plaintiff's filed claims on May 25, 2007, the United States Government has failed to take final

administrative action consisting of either a denial or final settlement. Therefore, pursuant to the provisions of the Federal Tort Claims Act, 28 USC §2671, *et seq.*, this suit is timely filed after expiration of the six-month statutory period allowed for the administrative review of Plaintiff's claims.

15.  All administrative procedures have been exhausted and the Complaint is timely filed.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE AND WRONGFUL DEATH

16.  The allegations that are set forth in paragraphs 1 through 15 above are incorporated by reference herein.

17.  Defendant negligently failed to report or notify the appropriate agencies of the abuse of Talia Williams. Defendant failed to assess, evaluate and investigate the abuse of Talia Williams. Defendant negligently failed to take custody of Talia Williams and to otherwise protect her from further abuse and injuries. Defendant was negligent in failing to properly train and supervise their employees, agents and/or representatives. Defendant is responsible for the acts of their employees, agents and/or representatives under the theory of *respondeat superior*.

18. For the reasons set forth herein, the Defendant, through its individual acts or through the acts of others for which it is responsible and/or vicariously liable, owed a duty of due care to Plaintiff which it negligently breached. Said negligence was a substantial factor and a proximate cause of Talia Williams' death, including but not limited to physical and emotional distress, physical pain and suffering, loss of life, and all other damages to which Plaintiff is entitled under Hawai`i law.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE PER SE OF THE DEFENDANT

19. The allegations set forth in paragraphs 1 through 18 above are incorporated by reference herein.

20. Defendant is bound by the October 7, 2003 Memorandum of Agreement between Military Services in Hawai`i and State of Hawai`i, Department of Human Services, Child Welfare Services Branch as well as Hawai`i Revised Statutes Chapter 350, Child Abuse § 350-1 *et. seq.;* Chapter 587, Child Protective Act § 587-1 *et. seq.;* and Army Regulation 608-18, The Army Family Advocacy Program.

21. At all relevant times, Defendant was under an obligation to report all known and suspected cases of child abuse, notify the appropriate authorities, investigate reports of abuse and assess, treat and protect the victims of child abuse.

22. The Defendant violated the October 7, 2003 Memorandum of Agreement between Military Services in Hawai`i and State of Hawai`i, Department of Human Services, Child Welfare Services Branch as well as Hawai`i Revised Statutes Chapter 350, Child Abuse § 350-1 *et. seq.;* Chapter 587, Child Protective Act § 587-1 *et. seq.;* and Army Regulation 608-18, The Army Family Advocacy Program, when they failed to report, notify, investigate, assess, treat and protect Talia Williams from the abuse inflicted upon her from December 2004 until her death on July 16, 2005.

23. Plaintiff Talia Williams was a member of the class of persons for whom the above-referenced statutory and regulatory protections were enacted, and her death resulted from not preventing child abuse that the statutes and regulations were enacted to prevent.

24. The violation of the October 7, 2003 Memorandum of Agreement between Military Services in Hawai`i and State of Hawai`i, Department of Human Services, Child Welfare Services Branch as well as Hawai`i Revised Statutes Chapter 350, Child Abuse § 350-1 *et. seq.;* Chapter 587, Child Protective Act § 587-1 *et. seq.;* and Army Regulation 608-18, The Army Family Advocacy Program by the Defendant constitutes negligence *per se*, and was a substantial factor in causing Talia Williams' death, including but not limited to extreme pain

and terror, severe emotional distress, loss of enjoyment of life, loss of consortium, economic loss, and all other special and general damages to be shown at trial.

### THIRD CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

25. The allegations that are set forth in paragraphs 1 through 24 above are incorporated by reference herein.

26. Plaintiff suffered severe and devastating emotional distress as a result of Talia's on going injuries from her father's torture and wrongful death, which were proximately caused by the negligent acts and omissions of Defendant. Plaintiff is entitled to compensation for her emotional distress in amounts to be shown at trial.

### FOURTH CLAIM FOR RELIEF
### PARENTAL LOSS OF CONSORTIUM

27. The allegations that are set forth in paragraphs 1 through 26 above are incorporated by reference herein.

28. Plaintiff Tarshia Williams is the natural mother of Talia Williams, deceased. As a result of the negligence of Defendant, which proximately caused Talia's catastrophic injuries and wrongful death as aforesaid, Plaintiff Tarshia Williams suffered a devastating and permanent loss of parental

consortium. Plaintiff Tarshia Williams is entitled to compensation for her loss of parental consortium arising out of the catastrophic injuries and wrongful death suffered by her daughter, Talia Williams, in amounts to be shown at trial.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendant United States of America and that she be awarded special and general damages in amounts to be proven at trial, and that this Court award such additional relief as it deems just and appropriate.

DATED: Honolulu, Hawai'i, _____Oct. 3_____, 2008.

_____
MARK S. DAVIS
MICHAEL K. LIVINGSTON
Attorneys for Plaintiff