IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARSHIA WILLIAMS, individually ) <br> and as the Personal Representative of ) <br> the Estate of TALIA WILLIAMS, a ) <br> Deceased Minor, ) <br> ) <br>          Plaintiff, ) <br> ) <br>   vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br>          Defendant. ) <br> _____ ) | Civ. No. 08-00437 ACK-BMK <br><br> ORDER GRANTING IN PART <br> AND DENYING IN PART <br> PLAINTIFF'S MOTION FOR <br> PRETRIAL DETERMINATION OF <br> ADMISSIBILITY OF <br> STATEMENTS AND GRANTING <br> DEFENDANT'S MOTION TO <br> CONTINUE TRIAL |

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF STATEMENTS AND GRANTING DEFENDANT'S MOTION TO CONTINUE TRIAL

Before the Court are Plaintiff's Motion for Pretrial Determination of Admissibility of Statements and Defendant's Motion to Continue Trial. (Doc. ## 19, 20.) The Court heard both motions on January 15, 2010. After careful consideration of the motions, the supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion for Pretrial Determination of Admissibility of Statements is GRANTED IN PART and DENIED IN PART, and Defendant's Motion to Continue Trial is GRANTED.

BACKGROUND

This case arises out of the death of minor Talia Williams ("Talia") on July 16, 2005. (Pl.'s Mem. in Supp. of Mot. at 1-2.) At the time of her death, Talia was living with her father, U.S. Army soldier Naeem Williams ("Naeem"), and stepmother, Delilah Williams ("Delilah"), on the U.S. Army Base at Schofield Barracks, Hawaii. (Id.) The U.S. Army Criminal Investigation Division ("USACID") commenced an investigation into Talia's death shortly thereafter. (Id. at 2.) As part of its investigation, the USACID interviewed and took sworn statements ("statements") of witnesses, including Naeem and Delilah. (Id. at 2-4.) On April 17, 2006, the USACID submitted its investigative report, attaching the statements, to the Department of the Army, U.S. Army Criminal Investigation Command. (Pl.'s Mot. Ex. 4.)

On July 18 and August 8, 2005, Defendant filed Criminal Complaints against Delilah and Naeem, respectively, in a separate case before this Court (the "criminal case").[1] On September 8, 2006, Defendant filed a Notice of Intent to Seek the Death Penalty against Naeem. (Pl.'s Opp. at 8.) In December 2006, Delilah pled guilty to one count of first degree felony murder. (Id.; Def.'s Mem. in Supp. of Mot. at 1.) The Court sealed parts of Delilah's plea agreement describing the events leading up to Talia's death to protect Naeem's right to a fair trial.

---

[1] This case is United States v. Williams, CR. No. 06-00079 DAE-KSC.

(Def.'s Mem. in Supp. of Mot. at 3-5.)  Naeem faces two counts of first degree felony murder and one count of obstruction of justice.  (Id. at 1.)

On October 3, 2008, Plaintiff[2] filed the instant action against Defendant, alleging among other things, negligence under the Federal Tort Claims Act.  (Doc. # 1.)  On November 10, 2009, Plaintiff moved for a pretrial determination as to the admissibility of twenty-five of the statements attached to the USACID's investigative report.  (Doc. # 19.)  On December 2, 2009, Defendant moved to continue trial.  (Doc. # 28.)

DISCUSSION

I.  Plaintiff's Motion for Pretrial Determination of Admissibility of Statements.

Plaintiff moves for a pretrial determination as to the admissibility of twenty-five of the statements attached to the USACID's investigative report.  Two of these statements are those of Naeem and Delilah.  (Pl.'s Mem. in Supp. of Mot. at 2-3.)  Their statements, filed under seal, are attached to Plaintiff's motion as Exhibits 5 and 6, respectively.  Plaintiff contends that their statements are admissible as statements against interest pursuant to Federal Rules of Evidence ("FRE") Rule 804(b)(3).  (Id. at 24.)  Rule 804(b)(3) provides that a statement, which "at the time of its making . . . so far tended to subject the declarant to civil or

---

[2] Plaintiff is Talia's natural mother.  (Compl. ¶ 11.)

3

criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true" is not excluded by the hearsay rule if the declarant is unavailable as a witness. Plaintiff contends that Naeem and Delilah will be unavailable as witnesses because it is "anticipated" that they will invoke their Fifth Amendment right to remain silent at trial. (Pl.'s Mem. in Supp. of Mot. at 24.)

Defendant does not dispute that the statements are against Naeem's and Delilah's penal interests. (Def.'s Opp. at 3.) Defendant, however, argues that the Court should defer ruling on the statements' admissibility "until it is clear that the witnesses are indeed unavailable." (Id.) The Court agrees. Thus, Plaintiff's motion as to Naeem's and Delilah's statements is denied without prejudice.

Turning to the remaining statements, Defendant does not object to twenty of the statements on the ground that they are from federal employees regarding matters within the scope of their employment and therefore admissible as admissions by Defendant's agents under FRE Rule 801(d)(2)(D). (Def.'s Opp. at 2, 6.) These statements, filed under seal, are attached to Plaintiff's motion as Exhibits 9, and 11 to 29. (Id. at 6; Pl.'s Reply at 2.) Rule 801(d)(2)(D) provides that a statement is not hearsay if it "is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency

or employment, made during the existence of the relationship . . . ." Defendant, however, requests that the admissibility of these statements be limited to matters within the witness's personal knowledge. (Def.'s Opp. at 2, 4, 6.)

The Court refuses to parse the statements to determine whether and to what extent they concern matters within the witness's personal knowledge. Thus, as to the twenty statements, Plaintiff's motion is granted and any argument as to lack of personal knowledge may go to the weight of the evidence.

As to the final three statements, Plaintiff argues that these statements also admissible as admissions by Defendant's agents under Rule 801(d)(2)(D). (Pl.'s Reply at 5-6.) These statements, filed under seal, are attached to Plaintiff's motion as Exhibits 7, 8, and 10. However, one of the statements was not made by a federal employee, and the other two statements, while made by federal employees, did not concern matters within the scope of their employment.

Plaintiff argues, in the alternative, that the statements are admissible under FRE Rule 803(8)(C) as factual findings resulting from an investigation made pursuant to authority granted by law. (Pl.'s Mem. in Supp. of Mot. at 25.) Rule 803(8)(C) provides that the following are not excluded by the hearsay rule even though the declarant is available as a witness:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . in civil actions

> and proceedings . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

"Pursuant to the terms of Rule 803(8)(C), only 'factual *findings* resulting from an investigation' are excluded from the hearsay rule . . . ." Sussel v. Wynne, No. 05-00444 ACK-KSC, 2006 WL 2860664, at *2 (D. Haw. Oct. 4, 2006). Thus, "Rule 803(8)(C) does not exclude from the category of hearsay any underlying witness statements contained in [a] [report] because those statements are not 'factual findings resulting from an investigation.'" Id.

Here, the statements are not factual findings resulting from the USACID's investigation. Rather, they are witness statements that the USACID simply attached to its investigative report. Accordingly, the statements are not excluded from the hearsay rule under Rule 803(8)(C). Because they do not fall under any other hearsay exception, Plaintiff's motion as to these statements is denied without prejudice.[3]

In sum, Plaintiff's motion is granted as to the statements attached

---

[3] At the motion hearing, Plaintiff raised the argument that the statements are not hearsay because they are not offered to prove the truth of the matter asserted. Plaintiff argued that instead, the statements are offered to prove that Defendant had notice of the offenses allegedly committed by Naeem and Delilah. Because this argument was not raised in Plaintiff's briefs, the Court declines to address it at this time.

thereto as Exhibits 9, and 11 to 29.  Plaintiff's motion is denied without prejudice as to the statements attached thereto as Exhibits 5 to 8, and 10.

II.     Defendant's Motion to Continue Trial.

Defendant moves to continue trial, set for March 2, 2010, to after trial concludes in the criminal case.[4]  (Def.'s Mot. at 1.)  Defendant argues that a continuance is necessary to avoid pretrial publicity in the criminal case, which may prejudice Naeem's right to a fair trial.  (Def.'s Mem. in Supp. of Mot. at 7.)  Defendant also moves to continue the discovery cutoff and dispositive motions deadlines, set for December 2, 2009 and January 4, 2010, respectively.  (Id.)

Plaintiff argues that Defendant's request for a continuance should be denied because "[t]he most horrific facts of the case have already been exposed in the media and [Defendant] has failed to identify, with any specificity, which unexposed fact which, if revealed" would prejudice Naeem's right to a fair trial. (Pl.'s Opp. at 1.)  Plaintiff also argues that the Court in the criminal case may employ other means to preserve Naeem's right to a fair trial, including among other things, extensive voir dire, sequestration, and change in venue.  (Id. at 17-19.)

Federal Rules of Civil Procedure ("FRCP") Rule 16(b)(4) provides

---

[4] Trial in the criminal case is presently set for January 11, 2011.

that a scheduling order "may be modified only for good cause and with the judge's consent." Here, Plaintiff does not deny that she will seek to introduce details about the nature and causes of Talia's death as part of her liability and damages claims. This Court has already recognized the danger that pretrial release of such details could pose to Naeem's right to a fair trial. The Court, in sealing parts of Delilah's plea agreement, noted that it "is not dealing with a civil trial or even a criminal trial with less devastating consequences." (United States v. Williams, CR. No. 06-00079 DAE-LEK, slip op. at 7-8 (D. Haw. June 29, 2007).) The Court noted, "Rather, it is dealing with a death penalty case, and one of the few that pass through this Court." (Id. at 8.) It recognized that "grave consequences may befall [Naeem] in this death penalty case if inadmissible, prejudicial information were to be revealed during his trial." (Id. at 7.) Thus, due to the nature of the alleged offense and the possible imposition of the death penalty, good cause exists to modify the Scheduling Order in the instant case and continue trial to after the criminal trial concludes.

        Accordingly, the trial set for March 2, 2010 is hereby vacated. The dispositive motions deadline of January 4, 2010 is continued to February 1, 2010. The Court will hold a status conference regarding the trial date and other deadlines on February 16, 2010 at 9:30 a.m.

CONCLUSION

In accordance with the foregoing, Plaintiff's Motion for Pretrial Determination of Admissibility of Statements is GRANTED IN PART and DENIED IN PART, and Defendant's Motion to Continue Trial is GRANTED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 22, 2010.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Williams v. United States of America, Civ. No. 08-00437 ACK-BMK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF STATEMENTS AND GRANTING DEFENDANT'S MOTION TO CONTINUE TRIAL.