IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TARSHIA WILLIAMS, individually and as the Personal Representative of the Estate of Talia Williams, a Deceased Minor, <br><br>           Plaintiff, <br><br>      vs. <br><br> UNITED STATES OF AMERICA <br><br>           Defendant. | ) Civ. No. 08-00437 ACK-BMK <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COURT'S JANUARY 6, 2012 ORDER TO INCLUDE A FINDING ALLOWING AN APPEAL**

**PROCEDURAL AND FACTUAL BACKGROUND**[1/]

This case arises out of the death of minor Talia Williams ("Talia") on July 16, 2005, who was allegedly fatally beaten by her father, Naeem Williams. Compl. ¶¶ 2, 6. Talia's mother, Tarshia Williams ("Plaintiff"), brought the instant action against the United States ("Defendant"). Id. ¶ 11. The facts and procedural history are set forth in more detail in this Court's order filed on January 6, 2012, denying Plaintiff's appeal of the Magistrate Judge's order denying Plaintiff's motion to confirm the trial date set for January 2012 ("January 2012

---

[1/]The facts as recited in this Order are for the purpose of disposing of the current motion and are not to be construed as findings of fact that the parties may rely on in future proceedings.

Order"). Doc. No. 83.

In the January 2012 Order, the Court concluded that the civil trial in this case should be continued pending the outcome of the criminal death penalty prosecution against Williams for allegedly murdering Talia. After applying the factors set forth in <u>Keating v. Office of Thrift Supervision</u>, 45 F.3d 322 (9th Cir. 1995), the Court concluded that Williams's interest in a fair trial untainted by prejudicial pretrial publicity resulting from a civil trial in this case, and the public's interest in fair trials, outweighs Plaintiff's interest in proceeding expeditiously to trial. Doc. No. 83, at 22. Consequently, the Court affirmed the Magistrate Judge's order denying Plaintiff's Motion to Confirm Trial Date and vacating the trial date set for January 2012. <u>Id.</u>

On January 19, 2012, Plaintiff filed a motion requesting that the Court amend the January 2012 Order to include a finding allowing an appeal under 28 U.S.C. § 1292(b) ("Plaintiff's Motion"). Doc. No. 84. Plaintiff's Motion was accompanied by a supporting memorandum ("Pl.'s Mot. Mem.") and declaration. <u>Id.</u> On February 2, 2012, Defendant filed an opposition ("Def.'s Opp'n"). Doc. No. 87.

Pursuant to Local Rule 7.2(e), the Court finds this matter suitable for disposition without a hearing.

**DISCUSSION**

28 U.S.C. § 1292(b) provides that a district court may exercise its discretion to allow a party to appeal an interlocutory order if: (1) there is a controlling question of law, (2) as to which there is substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.[2/]  See 28 U.S.C. § 1292(b); Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 46-47 (1995) (explaining that through enacting § 1292(b), "Congress chose to confer on district courts first line discretion to allow interlocutory appeals").  "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."  James v. Price Stern

---

[2/] 28 U.S.C. § 1292(b) states that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).  A court should use § 1292(b) "only in exceptional situations."  In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982).

  Plaintiff notes that "[t]he facts of this case and procedural delay to both the criminal case and civil case are unprecedented."  Pl.'s Mot. Mem. 2.  Plaintiff asserts that because there is no case law involving the continuance of a civil trial due to a related death penalty action, and Keating, although relevant is distinguishable from the present situation, this matter is appropriate for a § 1292(b) certification.  Id. at 3-4.
Plaintiff also points out, and Defendant does not dispute, that the appeal of the January 2012 Order may materially advance the termination of the litigation.  Id. at 4; Def.'s Opp'n 2 n.1.

  Defendant asserts that Plaintiff cannot meet element one because the issue resolved by the January 2012 Order "is a mixed question of law and fact, requiring an intensive inquiry on multiple questions, not a pure question of law as required by § 1292."  Def.'s Opp'n 2.  Defendant further contends that element two is not satisfied because "there can be no substantial question that the rights of a criminal defendant in a fair death penalty outweigh the interests of a plaintiff in a civil case."  Id. at 2-3.

  The Ninth Circuit has not determined whether "a

'question of law' under § 1292(b) means a 'pure question of law' rather than a mixed question of law and fact or the application of law to a particular set of facts." Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc., No. 09-CV-320-HU, 2010 WL 952273, at *3 (D. Or. Mar. 10, 2010). In Steering Committee v. United States, 6 F.3d 572 (9th Cir. 1993), the Ninth Circuit noted that "[s]ome courts have refused to permit interlocutory appeals of mixed questions of law and fact pursuant to 28 U.S.C. § 1292(b)," but did not decide the issue because a pure legal question was identifiable which allowed the court to resolve all questions material to the order. Id. at 575; see Chehalem Physical Therapy, 2010 WL 952273, at *3-4 (collecting cases holding a that a pure question of law is required under § 1292(b) and determining that interlocutory appeal was inappropriate because the order at issue did not involve such a question).

The Ninth Circuit, in Lear Siegler, Inc. v. Adkins, 330 F.2d 595, 596 (9th Cir. 1964), stated that "whether the district court was in error or abused its discretion in granting [a] stay" was a controlling question of law under § 1292(b). Id. at 596. In that case, the plaintiff sought a declaratory judgment that a patent was invalid and infringing Id. at 597. The district court stayed the proceedings until final adjudication of an action pending between the same parties in state court involving issues of the subject patent's validity and infringement. Id. at

596-97. The Ninth Circuit concluded that the order staying the case met the requirements of § 1292(b). Id. at 598. Pursuant to Lear Siegler, which has not been overturned, the Court concludes that whether it properly applied the Keating Factors and continued the trial in this action involves a controlling question of law within the meaning of § 1292(b).[3/]

As noted by Plaintiff and the Court in its January 2012 Order, this case involves an unprecedented situation. The Court

---

[3/]The Court also notes that in considering Plaintiff's Motion to Confirm Trial Date, the Magistrate Judge applied the good cause standard set forth in Federal Rule of Civil Procedure 16(b)(4), rather than the factors set forth in Keating. See Doc. No. 78; see also Fed. R. Civ. P. 16 ("A schedule may be modified only for good cause and with the judge's consent."). Plaintiff argued to this Court that it was error to apply the good cause standard rather than the Keating factors. Pl.'s Appeal 4. Defendant disagreed, asserting that because this case is "readily distinguishable" from Keating, the good cause standard applies to the instant situation. Def.'s Opp'n 5-6. What legal standard applies to a determination of whether to continue a civil trial in light of a pending death penalty criminal case is a pure legal question. Given the novelty of this unprecedented issue, the Court concludes that this is a controlling legal question as to which there is a substantial ground for difference of opinion. Accordingly, if the Ninth Circuit decides to consider Plaintiff's appeal on this basis, it may address other issues material to the January 2012 Order, i.e., if Keating does apply, whether the Court properly applied the factors. See Steering Comm., 6 F.3d at 575-76 ("We have held that the presence of a pure legal question permits the court to resolve all questions material to that order."); In re Cinematronics, Inc., 916 F.2d 1444, 1448-49 (9th Cir. 1990) ("Although section 1292(b) requires certification by the trial court of 'controlling' questions of law, the appeals it authorizes are from order not questions. Thus, our review of the present controversy is not automatically limited solely to the question deemed controlling by the district court. . . . [W]e may address those issues material to the order from which appeal has been taken.") (internal citations omitted).

finds that whether a continuance is needed in this case is an issue over which reasonable judges might differ; consequently, there is substantial ground for a difference of opinion within the meaning of § 1292(b).  See Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011) ("A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed.").  Additionally, as the parties do not dispute, the Court finds that an appeal of this issue may materially advance the ultimate termination of the litigation.  See Lear Siegler, 330 F.2d at 598 ("[I]f the appeal were successful, the district court would be compelled to proceed with the action.  Thus a reversal might materially advance the ultimate termination of the litigation, (i.e., the action in the district court).").

## CONCLUSION

The Court GRANTS Plaintiff's motion to amend the Court's January 2012 Order to include a statement that it is immediately appealable under 28 U.S.C. § 1292(b) and the Court will file an amended order so reflecting.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 8, 2012.



_____
Alan C. Kay
Sr. United States District Judge

---

<u>Tarshia Williams v. United States</u>, Civ. No. 08-00437 ACK-BMK: Order Granting Plaintiff's Motion to Amend the Court's January 6, 2012 Order to Include a Statement Allowing an Appeal